IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| CARL N. MERKLE | § | |
| *Plaintiff*, | § | 5-18-CV-588-DAE |
| vs. | § | |
| PILGRIM REO, LLC *ET AL*. | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Senior United States District Judge David A. Ezra**

This Report and Recommendation concerns the Motion for Attorneys' Fees, *see* Dkt. No. 32, filed by Pilgrim REO, LLC and Capital Crossing Servicing Company LLC. The motion seeks an award of fees against pro se litigant Carl N. Merkle. It was referred to me for disposition on April 23, 2019, pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* text order. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Pilgrim and Capital Crossing's Motion, Dkt. No. 32, should be **DENIED** without prejudice.

Carl N. Merkle, however, is **WARNED** that instituting further frivolous or vexatious appeals, or engaging in frivolous or vexations motions practice, in any case in this Court will subject him to sanctions. Likewise, he is further warned that engaging in *ad hominem* attacks against opposing parties or their counsel will have similar consequences, as will failing to comply with the local rules or the governing rules of civil procedure. The possible consequences include but are not limited to monetary sanctions and the issuance of a pre-filing injunction.

I. **Factual and Procedural Background**

A thorough factual and procedural background for this case has been the subject of prior orders issued by the District Court, and for present purposes it's sufficient to discuss only a few background matters. Carl N. Merkle instituted this litigation to appeal various orders issued by the Bankruptcy Court in an underlying bankruptcy action. About six months later, Merkle filed an "Emergency Motion to Permanently Transfer Merkle's Bankruptcy case from 16-50026 to 5:18-cv-00588." Dkt. No. 27. Merkle sought to "transfer [here] all litigation and all remaining administrative matters that the [Bankruptcy Court] could conceivably [entertain] [ ] in the future on appealed matters, and transfer all of that permanently to the US District Court into case 5:18-cv-00588 ("588" or "18-588")." *Id.* Pilgrim and Capital Crossing opposed the motion, noting that Merkle had failed to cite any statute, rule, or judicial decision that would authorize or permit his requested relief. *See* Dkt. No. 28. Pilgrim and Capital Crossing requested in their opposition an award of $1,500 in attorneys' fees for having to respond to Merkle's motion, which they argued was frivolous in that it is unfounded in law and fact.

The District Court denied Merkle's motion on April 8, 2019, noting that Merkle cited no authority to support the requested relief, the motion was untimely, and, contrary to some of Merkle's allegations, a mandatory withdrawal of the reference of bankruptcy matters from the Bankruptcy Court to the District Dourt did not apply. *See* Dkt. No. 31. The District Court denied Pilgrim and Capital Crossing's request for $1,500 in attorneys' fees without prejudice, explaining that they could file a separate motion requesting fees. *See id.* Shortly thereafter, Pilgrim and Capital Crossing duly filed a separate motion requesting the aforementioned attorney's fees. *See* Dkt. No. 32. In that motion, presently before the Court, they seek $2,340 in fees pursuant to the Court's inherent authority to prevent abusive litigation practices and also pursuant to Federal Rule of Bankruptcy Procedure 8020(b).

## II. Analysis

For the reasons discussed below, Pilgrim and Capital Crossing's Motion should be denied at this juncture. In recommending its denial, however, I am compelled to warn Merkle of the consequences of engaging in frivolous or vexatious litigation tactics; his pro se status will not protect against sanctions stemming from future behavior of that nature in this Court.

Federal courts have inherent power to assess attorney's fees and litigation costs when a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Industrial Lumber*, 417 U.S. 116, 129 (1974); *Batson v. Neal Spelce Assocs., Inc.*, 805 F.2d 546, 551 (5th Cir. 1986). This inherent power, however, "must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). Accordingly, "a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). Further, to comport with due process, "before imposing sanctions in accordance with its inherent authority, the Court must afford the party notice and an opportunity to be heard." *Williams v. Chase Home Fin. LLC*, No. 3:15-CV-0904-N, 2015 WL 13742549, at *5 (N.D. Tex. Jun. 17, 2015) (citing *Kenyon Int'l Emergency Servs., Inc. v. Malcolm*, 2013 WL 2489928, at *6 (5th Cir. 2013)).

Federal Rule of Bankruptcy Procedure 8020, which applies to appeals to district courts from orders of the bankruptcy courts, authorizes district courts to award "just damages and single and double costs" in connection with any frivolous appeal, once there has been a separately filed motion or notice concerning sanctions has issued from the court and a reasonable opportunity to respond has been afforded. *See* Fed. R. Bank. P. 8020(a). Under the rule, a district court may also discipline or sanction a party appearing before it for "other misconduct," provided the party

receives "reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing." Fed. R. Bank. P. 8020(b).

Applying these standards here, I recommend against an award of attorney's fees at this time. Pilgrim and Capital Crossing's motion invokes conduct that does not rise to the level required to support an attorney's fees sanction. Merkle, they contend, "has filed numerous frivolous motions, which have unnecessarily complicated this appeal and needlessly increased the cost of litigation." Dkt. No. 32 at 4. Viewed through the required lens of "restraint and discretion," this type of behavior by pro se litigant Merkle—although frustrating and costly—is alone here not enough to mandate an award of sanctions, unless and until it continues beyond a clear warning from the Court like the one included in this order. *See United States v. Clampitt*, 281 F. App'x 337, 338 (5th Cir. 2008) (pro se parties are "beneficiaries of a degree of leniency and flexibility" when sanctions are at issue). Much the same is true of "routine[] fail[ures] to confer with Appellee's' counsel before filing such motions." Dkt. No. 32 at 4. Such behavior runs afoul of the local rules and could, after a warning like the one included in this order, expose even a pro se litigant to sanctions. Markel should consider himself warned as to each of these matters. All litigants, even those proceeding pro se, are expected to adhere to the local rules and the governing rules of procedure, and also to refrain from filing frivolous or vexatious motions or appeals.

Also troubling are Pilgrim and Capital Crossing's contentions that "Mr. Merkle's replies routinely devolve into *ad hominem* attacks rather than providing any legal support or analysis." *Id.* According to Pilgrim and Capital Crossing, "Mr. Merkle has been warned multiple times about the obligations imposed on all litigants, and it is well within this Court's discretion to sanction Mr. Merkle for such inappropriate conduct at this point in time." *Id.* Pilgrim and Capital Crossing don't cite any warning issued by this Court. Rather, it appears Merkle was previously

4

warned by the Bankruptcy Court that his pro se status would not excuse him from the relevant procedural and substantive rules and the consequences of an inappropriately contentious demeanor. *See* Dkt. No. 5-2 at 12. While Merkle was placed on notice that any pleadings that seek relief outside the Bankruptcy Court's jurisdiction would be stricken, he was also informed that he was "free to appeal any decision that [the Bankruptcy] Court makes." *Id.* at 14. Because this Court has not yet warned Merkle of the consequences of his conduct in this Court, it would in my view be unjust—in light of Merkle's pro se status—to impose sanctions at this juncture.

But a firm warning to Merkle is in order. I note that in addition to this litigation, Merkle has instituted *nine* other actions in this Court.[1] All or a majority of those actions appear to involve appeals and multiple rounds of motion practice of a very questionable nature.[2] Merkle's litigation tactics are an unwarranted burden on the Court and his opponents in litigation.

Indeed, Merkle's Response to Appellees' Motion, *see* Dkt. No. 33, highlights the need to address his litigation tactics and warn him that those tactics must change or cease. In his Response, Merkle attempts to improperly re-argue the merits of his bankruptcy appeal and object to the District Court's previous orders, while also engaging in inappropriate *ad hominem* attacks against Pilgrim, Capital Crossing, and their counsel. Merkle also hyperbolically alleges that

---

[1] *See Merkle v. Pilgrim REO LLC*, No. 5-17-cv-713-DAE (W.D. Tex. filed Jul. 31, 2017); *Merkle v. Pilgrim REO LLC*, No. 5-17-cv-801-DAE (W.D. Tex. Jul. 31, 2017) (five of Merkle's cases ended up being consolidated in this lead case); *Merkle v. Pilgrim Rio LLC*, No. 5-17-cv-8-2-DAE (W.D. Tex. filed Jul. 31, 2017); *Merkle v. Pilgrim REO, LLC*, No. 5-17-cv-1026 (W.D. Tex. filed Oct. 12, 2017); *Pilgrim Rio LLC v. Merkle*, No. 5-19-cv-1063-FB (remov. Oct. 20, 2017); *Merkle v. Capital Crossing Servicing Co. LLC*, No. 5-17-cv-1138-DAE (W.D. Tex. Nov. 8, 2017); *Merkle v. Gragg*, No. 5-19-cv-640-XR (filed Jun. 10, 2019); *In re Carl N. Merkle*, No. 5-19-mc-790-XR (filed Jul. 8, 2019); *Pilgrim Rio LLC v. Merkle*, No. 5-19-mc-740-XR (W.D. Tex. filed Jun. 24, 2019).

[2] *See, e.g., In re Merkle*, No. 5-19-mc-790-XR, Dkt. No. 9, "MOTION TO DECLARE ALL OF MERKLE'S BANKRUPTCY AND APPEALS CASES AS CRIME SCENES. DEMAND FOR REFERRAL OF MATTER TO THE DISTRICT DISCIPLINARY COMMITTEE, AND DEMAND REQUESTING REFERRAL TO AND OPENING OF FBI AND US ATTORNEYS OFFICE AND US ATTORNEY GENERAL INVESTIGATIONS PURSUANT TO 18 USC §158 AND 18 USC §1968."

"federal judges have been duped" by Pilgrim and Capital Crossing's alleged scams, causing those judges to either "commit some form of crime, or miss seeing [a] crime." *Id.* at 10. As the Bankruptcy Court previously explained, these types of attacks and comments have no place in litigation and must cease. Simply put, attacks on the judiciary, fellow litigants, and opposing counsel will not be further tolerated; they are an affront to the judicial process.

For all these reasons, I hereby **WARN and ADMONISH** Merkle that filing additional frivolous motions or appeals in any case in this District, or lodging any personal attacks against the Court, any judge, or opposing parties or their counsel will result in the imposition of sanctions, including but not limited to monetary sanctions and the issuance of a pre-filing injunction. *See* Fed. R. Civ. P. 11(c), Fed. R. Bank. P. 8020.

### III. Conclusion and Recommendation

For these reasons, Pilgrim and Capital Crossing's Motion, Dkt. No., 32, should be **DENIED**.

*Merkle, however, is WARNED AND ADMONISHED that initiating any further frivolous appeals or engaging in further frivolous motion practice in this Court, or launching any further personal attacks against the Court or any judge, or against opposing parties or their counsel, in any document filed with the Court could subject him to sanctions that could include but would not be limited to monetary sanctions and the issuance of a pre-filing injunction.*

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 16th day of September, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE